## James W. Downey *v.* Thomas B. Barnett.

A party whose property is about to be sold under an execution or deed of trust, can make a valid and binding contract, previous to the sale, with another person to become the purchaser at the sale, and to permit the party indebted afterwards to redeem the property:— *Held,* that in such a case, a court of equity will compel the purchaser to convey the property according to the contract.

On appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

This was a bill filed in the superior court of chancery by the defendant in error against the plaintiffs in error for the redemption of certain property of the defendant in error, which was sold under execution against him, and purchased by the plaintiffs in error. The bill alleges that there was a full and perfect understanding and agreement, prior to said sale, by the plain-

tiffs and defendant in error, and which was submitted to and approved by all the remaining creditors of said defendant in error; upon which said plaintiffs in error purchased said property, and bound themselves, for a good and sufficient consideration, to permit said defendant, within a specified time, and upon certain terms and conditions, to redeem said property. It further alleges that said contract and purchase were made in the State of North Carolina; that the defendant bound himself to move to the State of Mississippi with his family, and take charge of a large interest which the plaintiffs in error had in the county of Hinds, as manager; that he was to bring with him the negroes purchased by said plaintiffs in error, as aforesaid, place them on the plantation, receive so much for his services, with the privilege within five years of redeeming said negroes, upon complying with the terms of the original agreement; that defendant in error was considerably advanced in years, had a large family, and was very reluctant to move to Mississippi, feeling uneasy about their health, and reluctant, at his time of life, to change a long-established residence to move to a new country, understood to be very unhealthy; that the sole and only inducement to do so was to avail himself of the opportunity afforded to him by said plaintiffs in error to redeem said negroes, who were family slaves, having in part descended to him from the estate of his father, and to whom he was greatly attached; that on the part of the plaintiffs in error, the inducement to extend to defendant in error the privilege of redeeming said negroes, was to obtain the services of defendant in error in superintending the planting interests of said plaintiffs in error in Hinds county; that they had offered strong inducements previously to defendant in error to get him to consent to move to and take charge of said plantation in Hinds; that they had long known defendant in error as a superior manager of slaves and an excellent planter, and as they did not themselves at that time reside on their said plantation, but were living in the State of North Carolina, that the foregoing were the mutual advantages and inducements operating upon both parties, and superinducing the contract aforesaid, by which the right of redemption was secured; that all these matters were

distinctly understood also, prior to the purchase of said negroes by said plaintiffs in error, and were assented to by all the other creditors of said plaintiffs in error, who extended the time for the payments of their claims, and which have been subsequently settled by defendant in error. The bill further shows that said defendant in error, long prior to the time limited for said redemption, tendered to said plaintiffs in error the full amount stipulated in the original agreement between them as the consideration for said redemption, and demanded performance by said plaintiffs in error of the covenant thus made and entered into by them; but that said plaintiffs in error had wholly refused to comply with their said obligation, and have ever since continued to do so; and he then prays an account to be taken of the annual hire of said negroes so purchased, and with an averment of his readiness to pay into court, or otherwise, as the chancellor may direct, the amount which he is bound to pay to entitle him to the benefit of redeeming said negroes, under and according to the contract and agreement aforesaid.

To this bill a demurrer was filed. The chancellor overruled said demurrer; from which decision the case is brought to this court on appeal.

*A. Burwell* for appellant.

*Wharton* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This case presents the question whether a debtor, whose property is about to be sold under an execution and deed of trust, can make a valid and binding contract, previous to the sale, with another person to become the purchaser at such sales, and permit the debtor afterwards to redeem the property.

We are clearly of opinion that such a contract can be made, and that it ought to be enforced, as between the parties or the representatives. It would indeed be a fraud on the part of the purchaser to refuse to carry out his agreement.

This is the main and important question presented by the bill; and the court below having overruled the demurrer, we affirm the decree.